JAMES WHEELER, Appellant, v. ST. LOUIS & SOUTHEASTERN RAILWAY COMPANY, Respondent.

### February 27, 1877.

1. The plaintiff has the right to prove any material fact put in issue by the answer.
2. A contract to carry goods and deliver them to the consignee at N. cannot be made to bind the carrier to deliver them at A., because the goods were addressed to the consignee at A., nor because the consignee was described as being at A.
3. If a common carrier receives goods and contracts to deliver them to the consignee, the burden of showing such delivery is upon the carrier.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*

*Given Campbell*, for appellant, cited: Levering *v.* Union Transp. and Ins. Co., 42 Mo. 88; Coates *v.* United States Ex. Co., 45 Mo. 238; Landes *v.* Pacific R. R. Co., 50 Mo. 347; Read *v.* St. Louis, Kansas City & Northern R. R. Co., 60 Mo. 206; The Mohler, 21 Wall. 233; Rysting *v.* Snell, 2 Wash. 403; *s. c.*, 50 Mo. 347; Railroad Co. *v.* Pratte, 22 Wall. 133.

*Geo. E. Smith* and *Jno. M. Hamill*, for respondent, cited: Comstock *v.* Affoelter, 50 Mo. 411; Odell *v.* Boston & Maine R. R. Co., 109 Mass. 50; Holbrook *v.* Wight, 24 Wend. 173; Arbuckle *v.* Thompson, 37 Pa. St. 175; Davenport National Bank *v.* Homeyer *et al.*, 45 Mo. 145; 2 Redf. on Rys., 4th ed., 114, sec. 180; Van Santvoord *v.* St. John, 6 Hill, 158; Hempstead *v.* New York Central R. R. Co., 28 Barb. 485.

LEWIS, P. J., delivered the opinion of the court.

Defendant is sued as a common carrier, for failure to deliver certain wheat shipped in sundry parcels during the summer and fall of 1873, at Pembroke Station, Kentucky, for transportation to Atlanta, Georgia. The first count in the petition charges that, on September 18, 1873, the defendant agreed with plaintiff's assignor, J. J. Wheeler, in consideration of freight to be paid by the consignee, to carry on its cars, from Pembroke to Atlanta, 16,711 pounds of wheat, then delivered to defendant, for which the latter gave its bill of lading, setting forth the contract. The second count similarly states a shipment of 18,023 pounds of wheat on September 19, 1873, with a like bill of lading delivered. The third count charges that, during the months of August and September, 1873, a number of shipments were made for like transportation, amounting in all to 166,727 pounds, of which only 153,912 pounds were delivered to the consignee at Atlanta; thus causing, through the negligence of defendant and its employees, a loss of 7,815 pounds of wheat.

The answer denies all the material allegations in the peti-

tion. The court, sitting as a jury, found the issues for the defendant.

At the trial the bills of lading mentioned in the first two counts were produced in evidence. The parts of each material to be here considered were in the form following:

*"Pembroke Station, Sept. 18, 1873.*

" Received from J. J. Wheeler the following packages
* * * to be transported over the line of this road to the company's freight-station at Nashville, Tenn., there to be delivered to J. E. Butler, or order, on payment of freight and charges," etc.

Under the head of " marks," in a tabular statement following, were the words " J. E. Butler, Atlanta, Ga." Intended duplicates of these bills of lading also appeared in the course of the testimony, which differed from the originals in having the words " Atlanta, Ga.," inserted in each, immediately after the name J. E. Butler, where it first occurs.

Plaintiff assumes that the import of each bill of lading was, on its face, a contract to convey the wheat to Atlanta. The Circuit Court found therein no undertaking for transportation further than Nashville. We think the Circuit Court was right. The words " Atlanta, Ga.," appended to the name of the consignee, could not mean the place of delivery, when a different place of delivery was declared in the plainest terms. The packages were to be transported " to the company's freight-station at Nashville, Tenn., *there* to be delivered," etc. We know of no legitimate process whereby words so unequivocal may be ignored, or perverted to a purpose other than what they express. Certainly not by a mere addition to the consignee's name, without any preposition or auxiliary indication of anything more than personal description. The " marks " on the packages, taken by themselves, might serve for the address, indicating the destination of the articles shipped. But the copies of them, in the bill of lading, can serve no purpose other than to identify the packages. It would be

strange if they could be permitted to contradict the language used in the body of the contract, and so to control the destination.

The Circuit Court erred in excluding plaintiff's testimony to prove the assignment of the bills of lading, and the transfer of the wheat by J. J. Wheeler to the plaintiff. These facts were put in issue by the answer, and the plaintiff was entitled to prove them, in order to make out his case.

Plaintiff asked for the following instruction, which was refused:

"The court declares the law to be that, if the evidence shows that the property described in the plaintiff's petition was delivered, at the dates stated in the petition, to defendant, and received by defendant under an agreement with the plaintiff, or his assignor, by which the defendant, for and in consideration of freight paid or to be paid to it by the owner of said goods so received, or their consignee, to carry said goods in its cars and deliver same to said consignee, under said agreement, and that the plaintiff is owner of said goods, then the burden of proof is upon the defendant, as a common carrier, to show a delivery of the goods in accordance with its contract; and if it fails to do so, then defendant is liable for the full value of said goods, as shown by the evidence, which have been so received and not delivered."

This instruction was improperly refused. It may not have been applicable to the first two counts in the petition, since they declared upon bills of lading for a conveyance to Atlanta, while the testimony showed a contract for another destination. But the third count was upon an agreement generally to transport wheat to Atlanta, and the testimony tended to prove that both parties had acted upon an understanding to that effect. Concerning these shipments there was no dispute about destination. Defendant makes a point upon the fact that plaintiff's assignor had, before the shipment, sold the wheat to the consignee, and discounted the

draft drawn against it.    This, ordinarily, would bar a recovery by the consignor or his assignee.    But the testimony tended to prove that the sale was never consummated on the part of the consignee ; that he refused to receive the wheat, as not fulfilling the terms of his contract, and also refused to accept the draft.    The consignor, through his agent at Atlanta, and by his subsequent proceedings, appears to have acquiesced in this annulling of the supposed sale.    Thus the wheat remained the property of the consignor, and he only, or his assignee, was entitled to sue for its loss.    There is no question that under such circumstances, if established, the burden of proof would be on the defendant, as expressed in the instruction.    *Levering* v. *Union Transp. and Ins. Co.*, 42 Mo. 88.

All the judges concurring, the judgment is reversed and the cause remanded.